# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-22485-KMM

DULCE MARIA MADRID,

    Movant,

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

    Respondent.

_____ /

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On July 5, 2023, Movant Dulce Maria Madrid ("Movant") filed an Emergency Motion to Amend Certificate of Naturalization to Correct Date of Birth.[1] (ECF No. 1). The Motion requests the entry of an order amending Movant's Certificate of Naturalization, issued on March 23, 1999, to correct a discrepancy with Movant's date of birth as it appears on the Certificate. Because the Court lacks jurisdiction to adjudicate Movant's Motion, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 1) be **DENIED** and that this matter be **DISMISSED** for lack of jurisdiction.

### I. BACKGROUND

As set forth in the Motion, Movant is a naturalized United States citizen who has worked for the Miami-Dade County Public School System for approximately 40 years. Attached to the Motion is Movant's Certificate of Naturalization, which lists Movant's country of former

---

[1] Because the Motion did not comply with Southern District of Florida Local Rule 7.1(d)(1) regarding the filing of emergency motions, the emergency designation was stricken, and the Court advised the Parties that the Motion would be adjudicated in the ordinary course. (ECF No. 4).

1

nationality as Cuba. The Certificate was issued by Respondent United States Citizenship and Immigration Services ("USCIS") on March 23, 1999.

Movant asserts in her Motion that her Certificate of Naturalization erroneously lists her birthday as July 28, 1961, instead of her correct birthday, July 28, 1960. In support, Movant has filed an Affidavit, a certified copy of her Florida Marriage Record, and a U.S. Cuban Refugee Center Registration Card, which all purport to identify Movant's birth year as 1960. According to the Motion, Movant did not notice her birth year was listed incorrectly in her Application for Naturalization, or later on her Certificate of Naturalization, because her focus at that time was on raising her children and because her Application was prepared by a company she had hired to assist with preparing and submitting the Application.

According to Movant, the discrepancy between her true birth year and the one listed on her Certificate of Naturalization may have been the result of confusion with her brother's birth year. The Motion represents Movant's belief that the person who prepared Movant's Application might have confused Movant's birth year with her brother's birth year, because Movant's brother's birthday (June 28, 1961) was listed underneath Movant's birthday (July 28, 1960) on the U.S. Cuban Refugee Center Registration Card and their birthdays are one year apart. Movant asserts that the erroneous birthday on her Certificate of Naturalization has prevented her from applying for retirement benefits through the Social Security Administration. She thus seeks an order amending her Certificate of Naturalization.

Because Movant's Certificate of Naturalization was issued by Respondent USCIS after Congress transferred naturalization authority from the courts to the Attorney General effective October 1, 1991, the basis of the Court's jurisdiction to afford the relief sought in the Motion was not clear from the face of the Motion. Accordingly, the Court ordered Movant to show cause why

the matter should not be dismissed for want of jurisdiction. (ECF No. 5). On September 28, 2023, Respondent USCIS appeared. Respondent USCIS requested and was granted leave to file a response to the Court's Order to Show Cause to bring to the Court's attention caselaw holding that district courts lack jurisdiction to amend naturalization certificates not issued by the district court.[2] (ECF Nos. 11, 14). Respondent filed its Response on October 3, 2023. (ECF No. 16).

The Court must now determine whether it has jurisdiction to adjudicate Movant's request for an order amending her post-1991, agency-issued certificate of naturalization.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. The Court is obligated to inquire into the question of its jurisdiction over matters brought before it. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). It is "to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

## III.   DISCUSSION

A district court retains jurisdiction to amend pre-1991 certificates of naturalization that the district court issued because "pre-1991 naturalization orders 'were unquestionably court orders'

---

[2] Respondent also requested and was granted an extension of time to respond to the Motion. Respondent's response to the Motion is due within fourteen days of the entry of an order by this Court determining that the Court has jurisdiction over this matter. (ECF Nos. 12, 15).

3

and 'generally speaking, a court has the authority to reconsider, amend, modify, or vacate its own orders." *Thao Ngoc Phuong Tu v. USCIS*, No. CV119MI39TWTCCB, 2019 WL 2344219, at *2 (N.D. Ga. Apr. 15, 2019), *report and recommendation adopted sub nom. Thao Ngoc Tu v. USCIS*, No. CV 1:19-MI-39-TWT, 2019 WL 2354980 (N.D. Ga. May 16, 2019) (quoting *Manoukian v. Sec'y U.S. Dep't of Homeland Sec.*, No. 6:13-CV-1422-ORL-31, 2013 WL 8635081, at *2 (M.D. Fla. Nov. 15, 2013), *report and recommendation adopted*, No. 613CV1422ORL31TBS, 2013 WL 12388574 (M.D. Fla. Dec. 2, 2013)). As one district court in the Eleventh Circuit has explained in detail:

> For most of the Country's history, the authority to naturalize aliens belonged to the state and federal courts. *Holmgren v. United States*, 217 U.S. 509, 516–17, 30 S. Ct. 588, 54 L. Ed. 861 (1910); Immigration and Nationality Act of 1952 ("1952 Act"), Pub. L. 82–414, § 334, 66 Stat. 163, 254, codified at 8 U.S.C. § 1421 (1990). Under this regime, an immigrant who wished to become a United States citizen had to file a petition in federal district court or a state court of general jurisdiction. If the court decided to grant the petition, the petitioner would appear before an open session of the court and take the oath of renunciation and allegiance. 1952 Act, § 337, codified at 8 U.S.C § 1448 (1990). The court would then find that the petitioner resided within its territorial jurisdiction and met the requirements to be naturalized, and order that the petitioner be admitted as a citizen. Following the proceeding, the clerk of the court would issue the newly-admitted citizen a certificate of naturalization. *Id.* § 338, codified at 8 U.S.C. § 1449 (1990).
>
> In 1990, Congress enacted the Immigration Act of 1990 ("1990 Act"), Pub. L. 101-649, 104 Stat. 4978, which transferred naturalization authority from the courts to the Attorney General effective October 1, 1991. *Id.* § 401(a), amending 8 U.S.C. § 1421. Pre-1991 naturalization orders, however, were unquestionably court orders. *See Tutun v. United States*, 270 U.S. 568, 577, 46 S. Ct. 425, 70 L. Ed. 738 (1926) (a naturalization petition is a "case" within the meaning of Article III of the Constitution). And, generally speaking, a court has the authority to reconsider, amend, modify, or vacate its own orders.

*Manoukian*, 2013 WL 8635081, at *2 (footnotes omitted). Federal Rule of Civil Procedure 60(b) provides the mechanism by which a court can modify a judgment such as an order of naturalization entered by a court. *Id.*

4

However, Movant's Certificate of Naturalization was issued after the transfer of naturalization authority to the Attorney General on October 1, 1991. Thus, as noted above, Movant's Certificate of Naturalization was issued not by this Court but by Respondent USCIS. For this reason, Movant's Motion must be denied and this matter dismissed for want of jurisdiction.

Respondent's counsel represents that this issue may be one of first impression within the Eleventh Circuit. Notwithstanding, courts of appeals outside the Eleventh Circuit that have addressed federal court authority to order amendment to agency-issued, post-1991 naturalization certificates have found that courts are not authorized to do so.

For example, in 2016 the Ninth Circuit, in *Yu-Ling Teng v. District Director, U.S. Citizenship & Immigration Services*, expressly held in a published opinion that "federal courts lack jurisdiction to amend agency-issued naturalization certificates." 820 F.3d 1106, 1109 (9th Cir. 2016). As the Ninth Circuit noted, "[n]othing in the Immigration Act of 1990 grants [the federal courts] jurisdiction to amend an agency-issued certificate of naturalization or to order USCIS to do so. Instead, the statute vests in the Attorney General the sole jurisdiction to change agency-issued naturalization certificates." *Id.* at 1110 (internal citation omitted).

In 2014, the Tenth Circuit, in *McKenzie v. U.S. Citizenship & Immigration Services, District Director*, likewise held in a published opinion that "when Congress ended the jurisdiction of district courts to naturalize aliens, it necessarily ended the jurisdiction to exercise powers derivative of the power to naturalize, including the power (recognized in, but not conferred by, § 334.16(b)) to modify naturalization documents." 761 F.3d 1149, 1156 (10th Cir. 2014).

Moreover, in 2015, the Sixth Circuit affirmed the denial of a petition to correct a birthdate on an agency-issued (post-1991) naturalization certificate, for lack of jurisdiction. *Constant v. U.S. Citizenship & Immigr. Servs.*, No. 14-1681, 2015 WL 9946518, at *1 (6th Cir. Aug. 21, 2015)

("Because Constant applied for naturalization in 1995, his certificate of naturalization was issued by the USCIS under the authority of the Attorney General. Consequently, the district court correctly determined that it lacked the jurisdictional authority to amend or correct the certificate."). And recently in 2022, the Second Circuit affirmed the dismissal for lack of jurisdiction of a complaint for mandamus relief that sought to compel amendment to a naturalization certificate to correct a birthdate, where that certificate was issued by USCIS in 2011. *Rahman v. Jaddou*, No. 22-101, 2022 WL 6593589, at *2–3 (2d Cir. Oct. 11, 2022) (finding no mandamus jurisdiction under 28 U.S.C. § 1361 and no jurisdiction pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(1), (2)(D)).

This Court is persuaded by the weight of authority, published and unpublished, issued by the courts of appeals that have addressed federal court jurisdiction to entertain the precise relief sought in Movant's Motion—entry of an order compelling amendment to a post-1991, agency-issued naturalization certificate—and that have found jurisdiction lacking.

In her Response to the Court's Order to Show Cause, Movant asserts that various district courts have found that the now-repealed regulation 8 C.F.R. § 334.16(b) implicitly recognizes federal court authority to order modifications to post-1991, agency-issued certificates of naturalization. While the cases cited do stand for the proposition for which Movant advances them, the courts of appeals have rejected Movant's argument.

Indeed, the Ninth Circuit has expressly rejected in a published opinion the argument that 8 C.F.R. § 334.16(b) and 8 C.F.R. § 338.5 empower federal courts to order corrections or amendments to agency-issued naturalization certificates: "These regulations do not create subject matter jurisdiction. Most importantly, the regulations cannot override the statute's clear designation of exclusive jurisdiction." *Yu-Ling Teng*, 820 F.3d at 1111. The argument has also

been rejected by the Sixth Circuit. *Constant*, 2015 WL 9946518, at *2 ("Constant argues that the district court was authorized to grant him relief under 8 C.F.R. § 334.16(b). However, that regulation applied to petitions for naturalization that were filed before October 1, 1991, when the Immigration Act of 1990 took effect. Moreover, the regulation was repealed in 2011. Thus, § 334.16(b) did not provide a jurisdictional basis for judicial review of Constant's petition.").

Moreover, the Tenth Circuit has expressly rejected jurisdiction based on 8 C.F.R. § 334.16(b) as asserted in three of the district court cases Movant cites to in her Response. *McKenzie*, 761 F.3d at 1157 (rejecting assertion of jurisdiction under 8 C.F.R. § 334.16(b) as applied by district courts in: *Hussain v. U.S. Citizenship & Immigr. Servs.*, 541 F. Supp. 2d 1082 (D. Minn. 2008); *Binh Quang Le v. U.S. Citizenship & Immigr. Servs., Dist. Dir.*, No. C11-01871 HRL, 2011 WL 3678909 (N.D. Cal. Aug. 22, 2011); and *Lashkariani v. U.S. Citizenship & Immigr. Servs.*, No. 3:11-CV-00733-ECR, 2012 WL 3615460 (D. Nev. Aug. 21, 2012)). The Tenth Circuit also found distinguishable one of the cases Movant cites to, because the petitioner in the case cited was naturalized in 1990 before naturalization authority was transferred from the courts to the Attorney General. *McKenzie*, 761 F.3d at 1157 (distinguishing *Nguyen v. U.S. Dep't of Homeland Sec.*, No. 1:06-MC-118, 2007 WL 2156649 (N.D.N.Y. July 25, 2007)). For these reasons, this Court is not persuaded by the reasoning of the district court cases Movant relies on in support of the Court's jurisdiction.

**IV. RECOMMENDATIONS**

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Movant Dulce Maria Madrid's Motion to Amend Certificate of Naturalization to Correct Date of Birth

(ECF No. 1) be **DENIED** and that this matter be **DISMISSED** for want of subject matter jurisdiction.[3]

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 14th day of November, 2023.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable K. Michael Moore
Counsel of Record

---

[3] As the Ninth Circuit has noted, Movant "may be able to pursue other avenues of relief, such as a private congressional bill, congressional reform, or an administrative or constitutional challenge." *Yu-Ling Teng*, 820 F.3d at 1112.